UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEANIE PICKARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1290 CDP |
| | ) | |
| DAP, Inc. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

This recently removed asbestos case is before me on my review for subject matter

jurisdiction. Plaintiffs are husband and wife and allege that Geanie Pickard contracted an

asbestos-related disease, including mesothelioma, from exposure to defendants' asbestos-

containing products. Geanie was allegedly exposed to these asbestos-containing products

through her son, Scott, who worked with and around these products and then brought asbestos

dust and fibers into the family home and vehicles. Plaintiffs bring state law claims for strict

liability, negligence, willful and wanton conduct, conspiracy, and loss of consortium. Defendant

Union Carbide Corporation alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332

(a)(1) and that it is entitled to remove this action to federal court despite the presence of a

Missouri defendant because that defendant, Welco Manufacturing Company, has been

fraudulently joined to defeat removal.

28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to

federal court based on diversity jurisdiction only if none of the properly joined defendants are

citizens of the state in which the original action was filed. Applied here, I lack jurisdiction over

this case if one of the defendants is citizen of Missouri. 28 U.S.C. § 1441(b) ("A civil action

otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not

be removed if any of the parties in interest properly joined and served as defendants is a citizen

of the State in which such action is brought."); Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145

(8th Cir. 1992).  Defendant Union Carbide, as the party invoking jurisdiction, bears the burden of

proving that all prerequisites to jurisdiction are satisfied.  See In re Business Men's Assur. Co. of

America, 992 F.2d 181, 183 (8th Cir. 1993).  Removal statutes are strictly construed, and any

doubts about the propriety of removal are resolved in favor of remand.  Transit Cas. Co. v.

Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident

defendant.  See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983).  When a party

seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of

proving the alleged fraud.  See Parnas v. General Motors Corp., 879 F. Supp. 91, 92 (E.D. Mo.

1995).  To establish that a resident defendant has been fraudulently joined, the removing party

must show that: (i) there is no possibility the plaintiff would be able to establish a cause of action

against the resident defendant in state court; or (ii) there has been outright fraud in the plaintiff's

pleadings of jurisdictional facts.  Monroe v. Consolidated Freightways, Inc., 654 F. Supp. 661,

662-63 (E.D. Mo. 1987).  Any contested fact issues must be resolved in favor of the plaintiff.

See id. at 663 (citation omitted).  "A joinder is fraudulent only when there exists no reasonable

basis in fact and law support a claim against the resident defendants."   Wilkinson v.

Shackleford, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotation marks and citation omitted).

Union Carbide argues that Welco has been fraudulently joined to defeat diversity

jurisdiction because, in a prior lawsuit filed by Scott, he allegedly "testified from a prepared,

written list identifying all asbestos products [he] worked around and his list did not include any Welco product." Union Carbide also claims that Welco is fraudulently joined because, in that prior suit, neither Geanie nor her husband could testify that Scott was definitely exposed to a Welco product.

This evidence falls woefully short of establishing that Welco was fraudulently joined so as to defeat removal jurisdiction. I have read all the deposition testimony, and Union Carbide has mischaracterized it in an attempt to create removal jurisdiction where none exists. First, Scott did not testify from "a prepared, written list identifying all asbestos products [he] worked around." He made some handwritten notes before his deposition which he used to refresh his recollection during his testimony. These notes contained the names of *some* asbestos-containing products he remembered working with. At no time did he ever testify that this list included *all* the asbestos-containing products he ever came into contact with. Moreover, the Court cannot even determine whether Welco was actually a defendant in that prior action. Scott was never specifically asked about Welco during the deposition, and no attorney entered an appearance for Welco. The same is true for Geanie and the rest of her family, who all testified during their depositions that they had no personal knowledge of the particular asbestos-containing products Scott was exposed to while working. Like Scott, they were never specifically asked about Welco, and no attorney appeared on behalf of Welco to question them. Neither the Court nor the defendants have any idea what the deponents might say if specifically questioned about Welco, just as the Court does not know what, if any, additional information Scott and/or the plaintiffs in this case may have learned or remembered about Welco or other asbestos-containing products since their depositions were taken. Plaintiffs have sufficiently alleged that exposure to

defendants' asbestos-containing products, including Welco products, injured them.  There is

nothing in this record to suggest that plaintiffs lack a reasonable basis in law or fact to support

their claims against Welco.  As such, Welco is not fraudulently joined so as to defeat removal

jurisdiction.[1]  There is nothing to support removal of this case to federal court, so it must be

summarily remanded to the City of St. Louis, Missouri under 28 U.S.C. § 1447(d).

     Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the

Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri from which it was

removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 28th day of July, 2014.

---

[1]Union Carbide demands "reasonable discovery" to carry its burden of proof on
jurisdiction, but it is not entitled to discovery to support a baseless removal.  Here, defendant has
already provided the Court with all the evidence it contends supports removal, and I have
considered it in reaching my decision.  That evidence conclusively establishes that there is no
right to removal.  Defendant is not entitled to conduct discovery in hopes of creating a right to
removal where none exists.